16 So.2d 803

### MILLER v. STATE.

### 4 Div. 800.

Court of Appeals of Alabama.

Feb. 22, 1944.

M. I. Jackson, of Clayton, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Furman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, in his own home, struck his wife on the head with the butt of a rifle and killed her. His plea was that he acted in self-defense.

He was indicted and tried for the offense of manslaughter in the first degree. He was so convicted, and his punishment fixed at imprisonment in the penitentiary for the term of one year.

We do not see the necessity of detailing the testimony. The learned trial court correctly charged the jury: "The act which produced her death is admitted, but the defendant says he struck justifiably; that when he hit her he was being assaulted by her and that his own life was in danger."

Then his learned Honor went on to say—still correctly: "Self-defense ordinarily involves three very essential considerations; there are generally three parts, because the law says, under ordinary circumstances, or generally speaking, that when a man strikes to kill he must be in danger, that danger must be imminent and impending; or there must be such circumstances as would lead a reasonable man to

honestly believe from the circumstances that such danger to life or limb did exist; *and he must be free from fault, absolutely so,* in bringing on the difficulty, and that he must flee rather than stand his ground and kill his victim." (Italics supplied by us.)

And the trial court proceeded in his oral charge: "In this case only two of these mentioned elements are necessary parts of self-defense * * * because a man is not required to flee from his own home."

We would be ready to say that the State's testimony—uncontradicted—was so overwhelmingly to the effect that appellant, at the time he struck the fatal blow, was being attacked by deceased in such a way that he was in "imminent danger of losing his life, or suffering great bodily harm at the hands of deceased;" and that, since he was under no duty to retreat, he was justified in striking her as he did; and that, therefore, it was error to overrule his motion to set aside the verdict of the jury and grant him a new trial.

■ But the weak spot in his defense— the one, really, which robs him of it—is that the testimony was ample from which the jury might conclude, as they evidently did, that he was not free from fault in bringing on the difficulty. Their verdict, hence, was well supported in the testimony; and there was no error on the part of the lower court in refusing to set it aside.

No other question seems worthy of discussion.

The judgment is affirmed.

Affirmed.